Judith M. Saffer (JS 4131)
John Coletta (JC 7522)
Attorney for Plaintiffs
Broadcast Music, Inc.
320 West 57th Street
New York, NY 10019
(212) 586-2000

**FILED**
IN CLERK'S OFFICE
U.S. ____ ____ E.D.N.Y

★  MAR 2 5 2009  ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**09    1246**

**IRIZARRY, J.**

-------------------------------------------------------X
BROADCAST MUSIC, INC.;                          )
SONY/ATV SONGS LLC d/b/a                         )
SONY/ATV TREE PUBLISHING;                        )
WARDEN MUSIC COMPANY, INC.;                      )
SONY/ATV SONGS LLC d/b/a                         )
SONY/ATV ACUFF ROSE MUSIC;                       )
GRAHAM NASH d/b/a NASH NOTES;                    )
CENTRAL SONGS, a Division of                     )
BEECHWOOD MUSIC CORPORATION;  )
GOLD HILL MUSIC, INC.,                           )
                                                )
                    Plaintiffs,                  )
                                                )
            v.                                   )
                                                )
THREE KINGS, LLC d/b/a SOUTHPAW                  )
and DEREK WOLMAN, MICHAEL                        )
PALMS and STEVEN LEE TERRY,                      )
each individually,                              )
                                                )
                    Defendants.                  )
                                                )
-------------------------------------------------------X

CIVIL ACTION NO.:

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on

knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Defendant Three Kings, LLC is a limited liability company organized and existing under the laws of the state of New York, which operates, maintains and controls an establishment known as Southpaw, located at 125 5th Avenue, Brooklyn, NY 11217, in this district (the "Establishment").

6. In connection with the operation of this business, Defendant Three Kings, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

7. Defendant Three Kings, LLC has a direct financial interest in the Establishment.

8. Defendant Derek Wolman is a principal of Defendant Three Kings, LLC with primary responsibility for the operation and management of that limited liability company and the

2

Establishment.

9. Defendant Derek Wolman has the right and ability to supervise the activities of Defendant Three Kings, LLC and a direct financial interest in that limited liability company and the Establishment.

10. Defendant Michael Palms is a principal of Defendant Three Kings, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

11. Defendant Michael Palms has the right and ability to supervise the activities of Defendant Three Kings, LLC and a direct financial interest in that limited liability company and the Establishment.

12. Defendant Steven Lee Terry is a principal of Defendant Three Kings, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

13. Defendant Steven Lee Terry has the right and ability to supervise the activities of Defendant Three Kings, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

14. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 13.

15. Plaintiffs allege seven (7) claims of copyright infringement, based upon Defendants'

3

unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

16. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the s even ( 7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 noting the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the location of the Establishment where the infringement occurred.

17. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3 (all references to Lines are lines on the Schedule).

18. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

19. On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective

musical composition listed on Line 2.

20. On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

21. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: ___March 24__,2009

By: _____
Judith M. Saffer (JS 4131)
John Coletta (JC 7522)
Broadcast Music, Inc.
320 West 57th Street
New York, NY  10019
Tel (212) 830-2590
Fax (212) 397-0789


Attorney for Plaintiffs

6

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Crazy |
| Line 3 | Writer(s) | Willie Nelson |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 3/6/89          10/16/61 |
| Line 6 | Registration No(s). | RE 422-869     Ep 156698 |
| Line 7 | Date(s) of Infringement | 9/8/07 |
| Line 8 | Place of Infringement | Southpaw |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | I Fall To Pieces |
| Line 3 | Writer(s) | Hank Cochran; Harlan Howard |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 1/25/88          1/25/88<br>12/27/60        6/16/61 |
| Line 6 | Registration No(s). | RE 374-528     RE 374-538<br>Eu 651996      Ep 153050 |
| Line 7 | Date(s) of Infringement | 9/8/07 |
| Line 8 | Place of Infringement | Southpaw |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Tennessee Stud |
| Line 3 | Writer(s) | Jimmie Driftwood |
| Line 4 | Publisher Plaintiff(s) | Warden Music Company, Inc. |
| Line 5 | Date(s) of Registration | 9/25/86   12/18/58 |
| Line 6 | Registration No(s). | RE 307-927   Ep 125364 |
| Line 7 | Date(s) of Infringement | 9/8/07 |
| Line 8 | Place of Infringement | Southpaw |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Walkin' After Midnight |
| Line 3 | Writer(s) | Don Hecht; Allen Block |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 1/18/84 |
| Line 6 | Registration No(s). | RE 197-554 |
| Line 7 | Date(s) of Infringement | 9/8/07 |
| Line 8 | Place of Infringement | Southpaw |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Teach Your Children |
| Line 3 | Writer(s) | Graham Nash |
| Line 4 | Publisher Plaintiff(s) | Graham Nash d/b/a Nash Notes |
| Line 5 | Date(s) of Registration | 11/4/98   12/30/98 |
| Line 6 | Registration No(s). | RE 789-831   RE 798-133 |
| Line 7 | Date(s) of Infringement | 9/20/08 |
| Line 8 | Place of Infringement | Southpaw |

| Line 1 | Claim No. | 6 |
| --- | --- | --- |
| Line 2 | Musical Composition | Loose Talk |
| Line 3 | Writer(s) | Freddie Hart; Ann Lucas |
| Line 4 | Publisher Plaintiff(s) | Central Songs, a Division of Beechwood Music Corporation |
| Line 5 | Date(s) of Registration | 2/12/82     1/20/54 |
| Line 6 | Registration No(s). | RE 121-539     Eu 344725 |
| Line 7 | Date(s) of Infringement | 9/8/07 |
| Line 8 | Place of Infringement | Southpaw |

| Line 1 | Claim No. | 7 |
| --- | --- | --- |
| Line 2 | Musical Composition | Carry On |
| Line 3 | Writer(s) | Stephen Stills a/k/a Steven Sills |
| Line 4 | Publisher Plaintiff(s) | Gold Hill Music, Inc. |
| Line 5 | Date(s) of Registration | 1/6/98     2/24/70 |
| Line 6 | Registration No(s). | RE 775-487     Eu 166067 |
| Line 7 | Date(s) of Infringement | 9/20/08 |
| Line 8 | Place of Infringement | Southpaw |